# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EMI APRIL MUSIC INC., et al.,

    Plaintiffs,

v.

KAMAL KESHMIRI, et al.,

    Defendants.

Case No. 2:10-CV-00381-KJD-GWF

**ORDER**

Currently pending before the Court is Defendants' Motion to Dismiss (#8). Plaintiffs filed a Response in Opposition (#9), to which Defendants filed a Reply (#11). Also pending before the Court is Defendants' Motion to Change Venue (#10). Plaintiffs filed a Motion to Amend/Correct Complaint (#16) seeking to add five additional copyright infringement claims. Defendants filed a Response in Opposition (#17), to which Plaintiffs filed a Reply (#18). The Court has considered each of the Motions and their responsive pleadings, and issues its ruling on said Motions jointly herein.

Plaintiffs' Complaint, filed March 18, 2010, alleges four causes of action for copyright infringement against Defendants Kamal Keshmiri and Jamal Keshmiri ("Defendants'), owners and operators of the "strip club" the Wild Orchid, located at 515 S. Virginia Street, in Reno, Nevada. The Complaint avers that various individuals, (not named in the Complaint) publically performed "musical compositions" at the Wild Orchid on March 30, 2007, which infringed upon Defendants' copyrights and certificates of registration of the songs performed.  Specifically, Plaintiffs allege that Defendants "have not sought or obtained a license agreement from Plaintiffs or the American Society of Composers, Authors and Publishers, a performing rights licensing organization of which all Plaintiffs are members." (#1 ¶ 11(a).)

Defendants seek that the Court dismiss Plaintiffs' action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants aver *inter alia* that the Complaint fails to allege sufficient facts to state a claim for relief, and that the Complaint is barred by the statute of limitations. Defendants allege the same arguments in support of their response in Opposition to Plaintiffs' Motion to Amend/Correct Complaint (#16). For the reasons stated herein the Court denies Defendants' Motion to Dismiss, and Motion to Transfer Venue, and grants Plaintiffs' Motion to Amend.

**I. Legal Standard**

**A. Motion to Dismiss**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable

inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

As stated above, Defendants aver that Plaintiffs' Complaint fails to allege facts specific enough to state a claim for relief, and that the Complaint is barred by the statute of limitations for copyright actions. The Court does not agree. Though not an example of specificity, even a cursory examination of the Complaint in this action reveals sufficient allegations to state a plausible claim for relief. Under Fed. R.Civ. P. 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to provide Defendants with appropriate notice of the claims against them and Plaintiffs' alleged entitlement to relief. Here, the Complaint alleges the essential elements of a copyright infringement claim, and adequately notifies Defendants of the claims being brought against them.

Additionally, the Court finds that Defendants' statute of limitations argument fails. The statute of limitations for civil claims under the Federal Copyright Act is three years. 17 U.S.C. § 507(b). Specifically, the statute states that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." Id. Here, the Complaint was filed on March 18, 2010, alleging copyright violations that occurred on March 30, 2007. Defendants' instant Motion argues that "[i]t is not conceivable that Plaintiff did not have the Wild Orchid as a target at least fifteen days before the alleged visit to hear the music" (#8 at 10), and that "[t]he visit [from Plaintiffs' agent] on March 30, 2007, occurred only many, many months after Plaintiff knew or had reason to know, and had made claims that Defendant had been violating the very copyright laws for which they now sue." (Id.)

Here however, Defendants provide no support for their contention that the alleged infringement accrued prior to March 30, 2007, or otherwise beyond the reach of the three-year

applicable statute of limitations.  Therefore, construing the Complaint in the light most favorable to the Plaintiffs, the Court finds that Defendants' statute of limitations argument fails.

**B. Venue**

Defendants' Motion to Change Venue (#8) seeks that the case be transferred to the Northern Division of this Court, in Reno, Nevada, for purposes of convenience.  The Motion is brought pursuant to Local Rule IA 801(a) which states, in pertinent part, that "[c]ivil actions shall be filed in the clerks office for the division of the court in which the action allegedly arose."  Defendants aver that this case should have been filed in the northern division of the Nevada Federal District Court because of the Complaint alleges that the action arose in Reno, as it is the location of the Wild Orchid, and because "none of the Plaintiff [sic] have any connection with the Southern Division of this Court."  (#8 at 3.)

Local Rule IA 8-1(c) states that [t]he court may in its discretion direct that proceedings or trial take place in the division other than the divisions where filed."  At this point in the litigation, however, the Court does not deem it necessary to transfer venue to its Northern District.  There are currently no hearings scheduled in the action, and all filings may be made electronically by the attorneys representing all parties.  Additionally, in the event that a hearing is necessary, the Court will entertain requests for parties to participate telephonically.  Accordingly, Defendants' Motion to Transfer Venue is denied.

**C. Motion to Amend**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed R. Civ. P. 15(a)(2).  Whether an amendment to a pleading should be permitted is ordinarily a matter within the discretion of the trial court.  Caddy-Imler Creations, Inc. v. Caddy, 299 F.2d 79, 84 (9th Cir. 1962).  District courts are directed to apply this rule with "extreme liberality."  See, e.g., Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997).  However, leave to amend is not absolute.  Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).  Among

the factors mitigating against allowing parties to amend their pleadings are undue delay in litigation, prejudice to the opposing party, and futility for lack of merit. Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  A showing of the factors overcomes the presumption in favor of granting leave to amend.  See Eminence Capital, LLC. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, Defendants aver that the Court should not allow Plaintiffs to amend their Complaint due to futility for the reasons listed in their Motion to Dismiss.  As stated above however, the Court finds that the allegations of the Complaint are not futile.  Likewise, the Court finds that Plaintiffs' proposed Amended Complaint also survives Defendants' futility argument.  Accordingly, Plaintiffs' Motion to Amend is granted.

**III. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#8) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Change Venue (#10) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Amend/Correct Complaint (#16) is **GRANTED**.

DATED this 31st day of January, 2011.

_____
Kent J. Dawson
United States District Judge